UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GEORGE SEPULVEDA            :
                            :
vs.                         :           C.A. No. 00-624-ML
                            :
UNITED STATES OF AMERICA    :

## MEMORANDUM AND ORDER

Before the Court is George Sepulveda's "Motion to Alter Judgement" pursuant to Federal Rule of Civil Procedure 59(E)[sic].[1] In this motion Sepulveda seeks to vacate this Court's judgment denying his previously filed Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4), see Sepulveda v. United States, C.A. No. 00-624-ML, Memorandum and Order dated August 15, 2005, and to transfer that motion to the Court of Appeals.[2] The Government has filed an Objection to the motion, which incorporates a supporting memorandum.

Essentially for the reasons set forth in the Government's Memorandum, Sepulveda's Motion to Alter Judgment must be denied. As the Government points out, the motion is procedurally and substantively flawed. A rule 59 motion may not be used as a vehicle to re-litigate or rehash matters already decided by a court, or to repeat old arguments previously

---

[1] The Court assumes that Sepulveda is referring to Fed.R.Civ.P. 59(e). Since subdivision (e) merely provides the time frame for the bringing of a motion to alter or amend judgment, this Court construes the motion as one brought under rule 59 generally.

The instant motion represents another in a series of applications for postconviction relief brought by Sepulveda. See Sepulveda v. United States, CA 00-624-ML, Memorandum and Order dated November 9, 2001 (denying § 2255 motion to vacate sentence), aff'd., Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003); United States v. Sepulveda, Dkt. No. 03-2720, Judgment (1st Cir. June 21, 2004)(denying motion to modify sentence); Sepulveda v. United States, C.A. No. 00-624-ML, Memorandum and Order dated August 15, 2005 (denying motion for relief from judgment); United States v. Sepulveda, CA No. 05-138-ML, Memorandum and Order dated January 20, 2006 (denying modification of restitution).

[2] The motion to alter is so construed, because if construed otherwise -- as seeking to amend the underlying judgment denying Sepulveda's §2255 motion to vacate (entered on November 9, 2001) -- the motion would clearly be untimely. See Fed. R. Civ. P. 59(e) (motions to alter or amend judgment must be filed within 10 days after entry of judgment in question).

considered and rejected or to raise new legal theories that should have been raised earlier. National Metal Finishing Co. v. BarclaysAmerican /Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Rather it is an extraordinary remedy used to correct "manifest errors of law" or to present newly discovered evidence. Id. See also F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)(same).

Here, Sepulveda shows neither manifest error nor newly discovered evidence. Rather, his claim challenging the selection and composition of his jury is simply a rehash of a claim made and rejected both prior to trial more than 10 years ago and on direct appeal. See United States v. Lara, 181 F.3d 183 (1st Cir. 1999), cert denied sub nom Sepulveda v. United States, 528 U.S. 1127 (2000). The "new evidence" that Sepulveda cites here -- statistical and other information from the U.S. Census Bureau -- was addressed and found insufficient in this Court's ruling denying Sepulveda's rule 60(b) motion. Moreover, this Court notes that since the instant motion to alter was filed, the Court of Appeals has twice denied Sepulveda permission to file a second or successive § 2255 motion which was based, as here, on "newly discovered evidence" of demographic data about Rhode Island. The court found that Sepulveda's claim was previously rejected, legally insufficient and defaulted. See Sepulveda v. United States, No.05-2336 (1st Cir. September 22, 2005), rehr'g denied, Order (1st Cir. October 17, 2005).

Accordingly, the instant Motion to Alter Judgment is hereby DENIED and DISMISSED.

So Ordered:

_____
Mary M. Lisi
Chief United States District Judge
April 20, 2007